# EXHIBIT A

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X

TIMOTHY POWERS,

                                        Plaintiffs,

-against -

ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, ST. MARTIN OF
TOURS CHURCH and ROBERT GUGLIELMONE,

                                        Defendants.

-----------------------------------------------------------------X

Index No.: _____/19

Plaintiffs designate
NASSAU COUNTY
as place of trial.

The basis of venue is
Defendant's principal
place of business

**SUMMONS**

Plaintiff's residence
address is Paradise Park
Condominiums, Soy
Watboon, Nongprue Bang
Lamung Chonburi 20150

To the above-named defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case your failure to appear or answer, judgement will be taken for the relief demanded herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, NASSAU COUNTY ON _____ IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).**

Dated: New York, New York
          August 14, 2019

                                        MERSON LAW, PLLC

                                By: _____
                                Jordan K. Merson
                                Attorneys for Plaintiff
                                150 East 58th Street 34th Floor
                                New York, New York 10155
                                (212) 603-9100

TO:
**ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE**
50 N Park Ave,
Rockville Centre, NY 11571

**ROBERT GUGLIELMONE,**
114 Broad St
Charleston, SC 29401

**ST. MARTIN OF TOURS CHURCH**
37 Union Avenue
Amityville, NY 11701

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X

TIMOTHY POWERS,

                                Plaintiffs,

    -against -

ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, ST. MARTIN OF
TOURS CHURCH and ROBERT GUGLIELMONE,

                                Defendants.

-----------------------------------------------------------------X

Index No.: _____/19

**VERIFIED**
**COMPLAINT**

    Plaintiff(s), above named, complaining of the defendants, by **MERSON LAW, PLLC.**, respectfully allege(s):

## NATURE OF THE CLAIM

1. This is a case of plaintiff Timothy Powers who was sexually abused when he was a child by Father Robert Guglielmone ("Guglielmone") at and of Roman Catholic Diocese of Rockville Centre ("Diocese").

2. Father Robert Guglielmone was a priest at St. Martin of Tours Church in Amityville, New York, which was part of the Diocese. Father Robert Guglielmone was known among the community and the children at church as a sexual predator.

3. The Diocese knew or should have known that Father Guglielmone sexually abused children and/or had the propensity to do so.

4. Despite Father Guglielmone's reputation as a sexual predator to young children, he continued to be a priest under the supervision and control of the Diocese.

5. Timothy Powers was sexually abused by Father Guglielmone at St. Martin of Tours when he was 8 years old.

6. In approximately 1978 and continuing through 1989, Robert Guglielmone instructed Timothy Powers to go to the back of the rectory and the church's rectory basement where Father Guglielmone molested Mr. Powers, performed oral sex on Mr. Powers, forced Mr. Powers to perform oral sex on him, and had sexual intercourse with Mr. Powers when Mr. Powers was a child.

## PARTIES

7. At all times herein mentioned defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE** was a not for profit corporation incorporated in the State of New York and by virtue of the laws of the State of New York.

8. At all times herein mentioned, defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE** was located at 50 N. Park Avenue, Rockville Centre, New York 11571.

9. At all times herein mentioned, defendant **ROBERT GUGLIELMONE** was a priest operating under the direction and control of defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE**, and its agents, servants and/or employees.

10. At all times herein mentioned, Father Robert Guglielmone was an agent, servant and/or employee of defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE.**

11. At all times herein mentioned defendant **ST. MARTIN OF TOURS CHURCH** was a not for profit corporation incorporated in the State of New York and by virtue of the laws of the State of New York.

12. At all times herein mentioned, defendant **ST. MARTIN OF TOURS CHURCH** was located at 37 Union Avenue, Amityville, NY 11701.

13. At all times herein mentioned, defendant **ROBERT GUGLIELMONE** was a priest operating under the direction and control of defendant **ST. MARTIN OF TOURS CHURCH**, and its agents, servants and/or employees.

14. At all times herein mentioned, Father **ROBERT GUGLIELMONE** was an agent, servant and/or employee of defendant **ST. MARTIN OF TOURS CHURCH**.

15. At all times herein mentioned, Defendants the **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, ST. MARTIN OF TOURS CHURCH** and **ROBERT GUGLIELMONE** were agents, servants, employees and/or alter egos of each other.

## FACTS OF THE CASE

16. Defendants **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE's** and **ST. MARTIN OF TOURS CHURCH's** negligence and recklessness caused defendant **ROBERT GUGLIELMONE** to have access to children, including on Diocese premises, despite his reputation of being a sexual predator and therefore are responsible for the injuries that Plaintiff incurred because but for Defendants **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE's** and **ST. MARTIN OF TOURS CHURCH** negligence, Plaintiff would not have suffered the mental and physical anguish inflicted by defendant **ROBERT GUGLIELMONE**. Defendants **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE's** and **ST. MARTIN OF TOURS CHURCH's** gross negligence reckless, willful, and/or wanton conduct supports punitive liability.

17. The defendants **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE** and **ST. MARTIN OF TOURS CHURCH** failed to remove defendant **ROBERT GUGLIELMONE** from his position as a priest or to take any steps to keep the dangerous predator away from the children of the church.

18. Defendant **ROBERT GUGLIELMONE** instructed Plaintiff to wait for him in the back of the rectory and/or the basement of the church rectory. When Defendant **ROBERT GUGLIELMONE** arrived, he molested plaintiff, performed oral sex on plaintiff, forced plaintiff to perform oral sex on him, and forced plaintiff to have sexual intercourse with him.

19. Father Guglielmone manipulated Mr. Powers into the sexual abuse by saying that it was "God's will" and that "God will reward his children if they did what was asked of them".

20. Defendant **ROBERT GUGLIELMONE** molested, abused and/or raped Mr. Powers between twenty and thirty times between 1978 and 1979.

21. As a result of the sexual abuse Mr. Powers endured, he became scared, anxious and remains unable to leave his home. As a result of the sexual abuse, Mr. Powers began cutting class and urinating in his pants in 4th grade. Mr. Powers was also turned to a life of drugs in an effort to forget his abuse and has been incarcerated.

22. As such, Plaintiff suffered catastrophic and lifelong injuries as a result of defendants **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE's** and **ST. MARTIN OF TOURS CHURCH's** negligence in undertaking a duty to keep patrons, including young children, of its parishes safe from predators and failing to act in accord with that duty by allowing defendant **ROBERT GUGLIELMONE**, a known predator, to continue his role where he would continue to have the opportunity to prey on young children,

and/or the Diocese failed to adequately supervise defendant **ROBERT GUGLIELMONE.**

23. Defendants **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTER** and **ST. MARTIN OF TOURS CHURCH** knew or should have known that defendant **ROBERT GUGLIELMONE** sexually abused children and/or had the propensity to do so.

24. Mr. Powers brings this lawsuit to recover for the emotional and physical suffering they incurred because of the negligence of the **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE** and **ST. MARTIN OF TOURS CHURCH** and to make sure no other child is forced to suffer the abuse and physical and mental trauma he felt and continues to feel.

## AS AND A FIRST CAUSE OF ACTION FOR NEGLIGENCE AGAINST ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 24.. inclusive, with the same force and effect as if hereinafter set forth at length.

26. At all times mentioned herein, defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE** owed a duty of care and/or duty of care including but not limited to, in loco parentis to keep the children of its parishes and schools safe from sexual abuse by its clergymen under its supervision and control, including on company premises, that ultimately befell the Plaintiff, and the Diocese had a duty to supervise defendant **ROBERT GUGLIELMONE.**

27. At all times mentioned herein, defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE** and/or its agents, servants and/or employees breached the

above-stated duty in a negligent, reckless, willful and wanton manner, and caused Plaintiff to be sexually assaulted.

28. As a result of the negligence of defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE** and/or its agents, servants and/or employees, plaintiffs were caused serious personal injuries, emotional distress, mental pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

29. By reason of the foregoing, Plaintiff is entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

30. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

31. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

32. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND A SECOND CAUSE OF ACTION FOR NEGLIGENCE AGAINST ST. MARTIN OF TOURS CHURCH

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 32.. inclusive, with the same force and effect as if hereinafter set forth at length.

34. At all times mentioned herein, defendant **ST. MARTIN OF TOURS CHURCH** owed a duty of care and/or duty of care including but not limited to, in loco parentis to keep the children of its parishes and schools safe from sexual abuse by its clergymen under its supervision and control, including on company premises, that ultimately befell the

Plaintiff, and the Church had a duty to supervise defendant **ROBERT GUGLIELMONE.**

35. At all times mentioned herein, defendant **ST. MARTIN OF TOURS CHURCH** and/or its agents, servants and/or employees breached the above-stated duty in a negligent, reckless, willful and wanton manner, and caused Plaintiff to be sexually assaulted.

36. As a result of the negligence of defendant **ST. MARTIN OF TOURS CHURCH** and/or its agents, servants and/or employees, plaintiffs were caused serious personal injuries, emotional distress, mental pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

37. By reason of the foregoing, Plaintiff is entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

38. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

39. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

40. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION AS TO ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 40., inclusive, with the same force and effect as if hereinafter set forth at length.

42. Defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE**, had a duty to supervise and prevent known risks of harm to patrons of its parishes by its clergymen.

43. Defendant was negligent in hiring, retaining and supervising their personnel, such as defendant **ROBERT GUGLIELMONE**, who were careless, unskillful, negligent, reckless and acted in a willful and wanton manner in not possessing the requisite knowledge and skill of priests and church officials who should have properly been supervising the priests to ensure the safety of the children of the parishes.

44. Defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE** knew or should have known defendant **ROBERT GUGLIELMONE** sexually abused and/or had the propensity to sexually abuse children and did nothing to stop it.

45. As a result of such negligent hiring, supervising and retention, Plaintiff was caused to suffer serious personal injuries, emotional distress, conscious pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

46. By reason of the foregoing, Plaintiff is entitled to compensatory damages from defendant in such sums as a jury would find fair, just and adequate.

47. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendant in such sums as a jury would find fair, just and adequate.

48. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

49. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION AS TO ST. MARTIN OF TOURS CHURCH

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 49., inclusive, with the same force and effect as if hereinafter set forth at length.

51. Defendant **ST. MARTIN OF TOURS CHURCH**, had a duty to supervise and prevent known risks of harm to patrons of its church by its clergymen.

52. Defendant was negligent in hiring, retaining and supervising their personnel, such as defendant **ROBERT GUGLIELMONE**, who were careless, unskillful, negligent, reckless and acted in a willful and wanton manner in not possessing the requisite knowledge and skill of priests and church officials who should have properly been supervising the priests to ensure the safety of the children of the church.

53. Defendant **ST. MARTIN OF TOURS CHURCH** knew or should have known defendant **ROBERT GUGLIELMONE** sexually abused and/or had the propensity to sexually abuse children and did nothing to stop it.

54. As a result of such negligent hiring, supervising and retention, Plaintiff was caused to suffer serious personal injuries, emotional distress, conscious pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

55. By reason of the foregoing, Plaintiff is entitled to compensatory damages from defendant in such sums as a jury would find fair, just and adequate.

56. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendant in such sums as a jury would find fair, just and adequate.

57. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

58. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR THE FIFTH CAUSE OF ACTION FOR ASSAULT
## AS TO DEFENDANT ROBERT GUGLIELMONE

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 58., inclusive, with the same force and effect as if herein set forth at length.

60. Defendant **ROBERT GUGLIELMONE's** predatory, abusive, manipulative and unlawful acts against Mr. Powers, created a reasonable apprehension in Mr. Powers of immediate harmful or offensive contact to plaintiff's person, all of which were done intentionally by defendant **ROBERT GUGLIELMONE** to plaintiff without plaintiff's consent.

61. As a direct and proximate result of the aforementioned assault, Plaintiff has sustained in the past, and will continue to sustain in the future, serious and severe psychological injuries and emotional distress, mental anguish, embarrassment and humiliation.

62. As a direct and proximate result of the aforementioned assaults, plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure himself of his injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

63. By reason of the foregoing, plaintiff **TIMOTHY POWERS** is entitled to compensatory damages from defendant **ROBERT GUGLIELMONE** in such sums a jury would find fair, just and adequate, and the plaintiff, Mr. Powers, is further entitled to punitive and exemplary damages from defendant **ROBERT GUGLIELMONE** in such sums as a jury would find fair, just and appropriate to deter said defendant and others from future similar misconduct.

64. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

65. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR THE SIXTH CAUSE OF ACTION FOR BATTERY
### AS TO ROBERT GUGLIELMONE

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 65., inclusive, with the same force and effect as if herein set forth at length.

67. When Mr. Powers was approximately eight years old, defendant **ROBERT GUGLIELMONE** manipulated and/or forced Mr. Powers to meet him in the back of the rectory and/or the church's basement and unlawfully sexually abused and raped him by molesting him, forcing Mr. Powers to perform oral sex on him, performing oral sex on Mr. Powers, and forcing Mr. Powers to have sexual intercourse with him.

68. Defendant **ROBERT GUGLIELMONE**'s unlawful, abusive, manipulative, and predatory acts against Mr. Powers, amounted to a series of harmful and offensive contacts to plaintiff's person all of which were done by defendant to plaintiff without plaintiff's consent.

69. As a direct and proximate result of the aforementioned batteries, Plaintiff has sustained in the past, and will continue to sustain in the future, psychological injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

70. By reason of the foregoing, plaintiff **TIMOTHY POWERS** is entitled to compensatory damages from defendant **ROBERT GUGLIELMONE** in such sums a jury would find

fair, just and adequate, and the plaintiff, Mr. Powers, is further entitled to punitive and exemplary damages from defendant **ROBERT GUGLIELMONE** in such sums as a jury would find fair, just and appropriate to deter said defendant and others from future similar misconduct.

71. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

72. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR THE SEVENTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO ROMAN CATHOLIC DIOCES OF ROCKVILLE CENTRE

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 72., inclusive, with the same force and effect as if herein set forth at length.

74. Defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE** and their agents, servants and/or employees, knew or reasonably should have known that the failure to properly advise, supervise and hire Father Guglielmone, the priest who sexually abused Plaintiff, would and did proximately result in physical and emotional distress to Plaintiff.

75. Defendant **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE** and their agents, servants and/or employees knew or reasonably should have known that the sexual abuse and other improper conduct would and did proximately result in physical and emotional distress to Plaintiff.

76. Defendant has the power, ability, authority and duty to intervene with and/or stop the improper conduct that resulted in Plaintiff being sexually abused by Father Guglielmone.

77. Despite said knowledge, power and duty, defendant negligently failed to act so as to stop, prevent, and prohibit the improper conduct that resulted Father Guglielmone sexually abusing Plaintiff.

78. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

79. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR THE EIGHTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO ST. MARTIN OF TOURS CHURCH

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 79., inclusive, with the same force and effect as if herein set forth at length.

81. Defendant **ST. MARTIN OF TOURS CHURCH** and their agents, servants and/or employees, knew or reasonably should have known that the failure to properly advise, supervise and hire Father Guglielmone, the priest who sexually abused Plaintiff, would and did proximately result in physical and emotional distress to Plaintiff.

82. Defendant **ST. MARTIN OF TOURS CHURCH** and their agents, servants and/or employees knew or reasonably should have known that the sexual abuse and other improper conduct would and did proximately result in physical and emotional distress to Plaintiff.

83. Defendant has the power, ability, authority and duty to intervene with and/or stop the improper conduct that resulted in Plaintiff being sexually abused by Father Guglielmone.

84. Despite said knowledge, power and duty, defendant negligently failed to act so as to stop, prevent, and prohibit the improper conduct that resulted Father Guglielmone sexually abusing Plaintiff.

85. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

86. This action falls within exceptions to Article 16 of the C.P.L.R.

WHEREFORE, plaintiff demands judgement against defendant in such sum as a jury would find fair, adequate and just.

Dated: New York, New York
       August 14, 2019

                                                MERSON LAW, PLLC

                                                By: _____
                                                    Jordan K. Merson
                                                    Attorney for Plaintiffs
                                                    150 East 58th Street 34th Floor
                                                    New York, New York 10155
                                                    (212) 603-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X

TIMOTHY POWERS,

                              *Plaintiff,*

          -against -

ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, ST. MARTIN OF
TOURS CHURCH and ROBERT GUGLIELMONE,

                            *Defendants.*
-----------------------------------------------------------------X

Index No.:

_____/19

**ATTORNEY
VERIFICATION**

JORDAN K. MERSON, an attorney duly admitted to practice in the Courts of New York State, and a member of the firm MERSON LAW, PLLC., attorneys for the plaintiffs in the within action, hereby affirms under penalty of perjury:

    That he has read the within complaint and knows the contents thereof, and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

    That the sources of his information and knowledge are investigations and records in the file.

    That the reason this verification is made by affirmant and not by the plaintiff is that the plaintiff is not within the County where the attorney has his office.

Dated: New York, New York
       August 14, 2019

                                                   _____
                                                   JORDAN K. MERSON

Index No.                                Year 2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

TIMOTHY POWERS

                                                *Plaintiff(s),*

                    *- against -*

ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE,
ST. MARTIN OF TOURS CHURCH, and ROBERT
GUGLIELMONE,

                                                *Defendant(s),*

---

## SUMMONS AND VERIFIED COMPLAINT

---

Merson Law, PLLC.

*Attorneys for Plaintiff(s)*

*Office and Post Office Address, Telephone*
150 East 58th Street 34th Fl.
New York, New York 10155
(212) 603-9100

---

To:   All Parties