UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TIMOTHY POWERS,

                *Plaintiff*,

    -against-                        Docket No.: 2:19-cv-04738 (MKB)
                                                          (SMG)
ROMAN CATHOLIC DIOCESE OF ROCKVILLE
CENTRE, ST. MARTIN OF TOURS CHURCH and
ROBERT GUGLIELMONE,

                *Defendants.*
---------------------------------------------------------------X

<u>MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND</u>

                                                                Jordan K. Merson, Esq.
                                                                MERSON LAW, PLLC
                                                                150 East 58th Street, 34th Floor
                                                                New York, NY 10155
                                                                Telephone: (212) 603-9100
                                                                Facsimile: (347) 441-4171
                                                                Email: jmerson@mersonlaw.com

                                                               *Attorneys for Plaintiff*
                                                               *Timothy Powers*

## TABLE OF CONTENTS

TABLE OF CONTENTS…………………..…………………………………………...........i

TABLE OF AUTHORITIES…………………..…………………………...……...................ii

PRELIMINARY STATEMENT…………..…………..…………………....…………..........1

STATEMENT OF FACTS AND PROCEDURAL HISTORY………....………....…………....1

LEGAL STANDARD......................................................................................................4

LEGAL ARGUMENT……………..……………………………………....………..5

    I.       Diversity Jurisdiction Does Not Exist Because Plaintiff Is Not a Citizen of Any State...........................................................................................................................5

CONCLUSION................................................................................................................10

## TABLE OF AUTHORITIES

CASES

*Alvarez & Marshal Glob. Forensic & Dispute Servs., LLC v. Cohen-Cole*
    2014 U.S. Dist. LEXIS 21574 (S.D.N.Y. 2014)..............................................................4,5
*Chevalier v. USA Express Moving & Storage Inc.*
    2004 U.S. Dist. LEXIS 9990 (S.D.N.Y. 2004)....................................................................6
*Coury v. Prot*
    85 F.3d 244 (5th Cir. 1996).................................................................................................3
*Cresswell v. Sullivan & Cromwell*
    922 F.2d 60 (2nd Cir. 1990).............................................................................................10
*Foroughi v. Am. Airlines, Inc.*
    2011 U.S. Dist. LEXIS 137960 (S.D.N.Y. 2011)............................................................9,10
*Fuerst v. Fuerst*
    832 F.Supp.2d 210 (E.D.N.Y. 2011).................................................................................10
*Herrick Co. v. SCS Comms., Inc.*
    251 F.3d 315 (2nd Cir. 2001).........................................................................................6, 7
*Liem v. Ackerman*
    2012 U.S. Dist. LEXIS 10337 (S.D.N.Y. 2012)..................................................................6
*Linardos v. Fortuna*
    157 F.3d 945 (2nd Cir. 1998).............................................................................................5
*Morton v. Citibank, N.A.*
    2019 U.S. Dist. LEXIS 116358 (S.D.N.Y. 2019).......................................................*passim*
*Palazzo ex rel. Delmage v. Corio*
    232 F.3d 38 (2nd Cir. 2000)...............................................................................................5
*Prop. Clerk v. Fyfe*
    197 F. Supp. 2d 39 (S.D.N.Y. 2002)..................................................................................4
*R.G. Barry Corp. v. Mushroom Makers, Inc.*
    614 F.2d 651 (2nd Cir. 1979).............................................................................................5
*Willis v. Westin Hotel Co.*
    651 F. Supp. 598 (S.D.N.Y. 1986).....................................................................................9

STATUTES

28 U.S.C. § 1332.....................................................................................................................*passim*
28 U.S.C. § 1441..............................................................................................................................2
28 U.S.C. § 1447..............................................................................................................................4
CPLR § 214-g...................................................................................................................................1

## PRELIMINARY STATEMENT

Plaintiff Timothy Powers ("Plaintiff") now moves this Court to remand the instant action to the Supreme Court of the State of New York, County of Nassau on the grounds that Defendant Robert Guglielmone's ("Defendant") Notice of Removal, which relies upon 28 U.S.C. § 1332, is improper because diversity jurisdiction cannot exist under any circumstances in this matter. (Attached hereto as Exhibit "A" is a true and correct copy of Defendant's Notice of Removal dated August 16, 2019). Indeed, as sworn to in his Affidavit and supplemented by his testimony during his jurisdictional deposition, because Plaintiff is a United States citizen who is domiciled abroad in Thailand, and has no intention of re-establishing a residence or domicile in any State in the United States, he is what courts call a "stateless" individual; he is neither a citizen of any State of the United States, nor a citizen or subject of a foreign State. As such, 28 U.S.C. § 1332 does not provide this Court with jurisdiction over him, and subsequently, this action. Therefore, it is respectfully requested that this Court issue an Order granting Plaintiff's motion to remand in its entirety, together with such other and further relief as this Court deems just and proper.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This action involves claims arising under § 214-g of New York State's Civil Practice Law and Rules that stem from Plaintiff being sexually abused when he was an eight-year-old child by Defendant at Defendant St. Martin of Tours Church in Amityville, New York. ("St. Martin") which is a parish operating under the control of Defendant Roman Catholic Diocese of Rockville Centre ("Diocese"). On August 14, 2019, Plaintiff filed a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Nassau ("State Court Action") (Nassau County Index No.: 900003/2019). (Attached hereto as Exhibit "B" is a true and correct copy of this action's Summons and Verified Complaint dated August 14, 2019).

Then, on August 16, 2019, Defendant filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, on the basis that "[t]his Court has original jurisdiction" over the State Court Action under 28 U.S.C. § 1332. *See* Exhibit A at ¶ 5. In his Notice of Removal, Defendant stated that subject matter jurisdiction exists because, *inter alia*, "[t]his is a civil action between citizens of different states." *See id.* at ¶ 6. Additionally, while Defendant also stated that he is a resident of South Carolina and co-Defendants St. Martin and Diocese are both incorporated in New York for diversity of citizenship purposes, he did not even allege that Plaintiff is a citizen of any particular state, rather, only that he is a <u>resident</u> of Chonburi Province, Thailand. *See id.* (<u>emphasis</u> added).

The fact of the matter is Plaintiff is an American citizen who has been domiciled in the Chonburi Province of Thailand since he moved there in 2015. Furthermore, Plaintiff does not maintain a residence in the United States and, as sworn to in his Affidavit, has neither returned to the United States of America, nor intends on returning to reside and/or have his domicile in the United States of America. (Attached hereto as Exhibit "C" is a true and correct copy of Plaintiff's Affidavit sworn to and dated March 9, 2020). As testified to during his jurisdictional deposition, Plaintiff lives in a condominium in Thailand which he owns in addition to owning a second condominium in Thailand which he rents out to earn supplemental income. (Attached hereto as Exhibit "D" is a true and correct copy of the transcript of Plaintiff's jurisdictional deposition dated January 14, 2020). It should also be noted that both condominiums are in Plaintiff's name and he owns them alone. *See* Exhibit D at p. 17:15-23. Plaintiff also testified that he has not traveled to the United States since he left for Thailand back in 2015 and has only even left the country once, for a single day, when he went to Laos to convert his educational (ED) visa into a marriage visa. *See id.* at p. 12:8-16.

Prior to the filing of this motion, Defendant was made aware that Plaintiff is a domiciliary of Thailand, as evidenced by both the first page of his Summons where it states that "Plaintiff's residence address is Paradise Park Condominiums, Soy Watboon, Nongprue Bang Lamung Chonburi 20150" (*See* Exhibit "B" at p. 1) and a conversation that was had via email on December 6, 2019 between counselors for both parties where it was stated that:

> P (Giovanna Mabile Ferreira dos Santos, Esq.): "For jurisdiction, [P]laintiff is a US citizen with domicile in Thailand, so it appears per *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) that there is no diversity jurisdiction. Will you stip to remand the case to state court?"
>
> D (Alexander R. Klein, Esq.): "Thanks for letting us know. How was it confirmed that he is domiciled in Thailand?"
>
> P: "I have confirmed with my client that he has resided in Thailand continuously since 2015, where he works and has a family."
>
> D: "Okay, let's chat next week."

(Attached hereto as Exhibit "E" is a true and correct copy of the above-referenced email correspondence dated December 6, 2019).

Nevertheless, Defendant refused to agree to remand the instant action to the Supreme Court of the State of New York, Count of Nassau and instead sought further guidance from this Court. First, on December 13, 2019, an Initial Conference Hearing was held before Magistrate Judge Steven M. Gold, at which time he ruled that Defendants would be permitted to conduct a video deposition of Plaintiff, limited in subject matter to Plaintiff's domicile for purposes of diversity jurisdiction, and that the parties were to then either file a stipulation of remand to state court or a status report indicating how they intended to proceed by January 20, 2020. *See* Dkt. No. 17. That jurisdictional deposition ultimately took place on January 14, 2020. *See* Exhibit D. Then, on January 17, 2020, Defendant filed a letter that reiterated his desire to have the instant action remain with this Court, despite Plaintiff's clear testimony that he was domiciled in Thailand. *See* Dkt. No.

18. That same day, Judge Gold made a Scheduling Order directing the parties to participate in a telephone conference at 11:30 a.m. on January 30, 2020 which was ultimately adjourned and held on February 4, 2020 at 4:30 p.m. As a result of that telephone conference, where a resolution between the parties was still not able to be reached, Judge Gold directed the parties to confer and submit a letter by February 11, 2020 stating whether they will consent to reassignment of this case to him for either all purposes, or just a decision on the jurisdictional motion, and that if there was not unanimous consent, that the parties were to submit Pre-Motion Conference Requests in connection with the jurisdictional issue to Judge Brodie by February 20, 2020. *See* Dkt. No. 23. On February 11, 2020, Plaintiff filed a letter, as per Judge Gold's instructions, informing the Court that consent could not be obtained regarding his presiding over either the jurisdictional issue, or action altogether (*See* Dkt. No. 24) and followed up with a Pre-Motion Conference Request on February 20, 2020. *See* Dkt. No. 25. Finally, on March 18, 2020, Judge Brodie adopted the proposed briefing schedule contained in Dkt. No. 25 and now, Plaintiff submits this Memorandum of Law accordingly.

## LEGAL STANDARD

The standard is clear that district courts must remand actions, like this one, that have been removed from state court "[i]f at any time before final judgment it appears that the[y] lack[] subject matter jurisdiction." *See Morton v. Citibank, N.A.*, 2019 U.S. Dist. LEXIS 116358 (S.D.N.Y. 2019); *see also Prop. Clerk v. Fyfe*, 197 F. Supp. 2d 39 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 1447(c)) (emphasis added). Additionally, where a party, like Plaintiff, seeks remand of an action removed on diversity grounds, the standard is again clear that "the burden falls squarely upon the removing party [here, Defendant] to establish its right to a federal forum by competent proof." *See Morton*, 2019 U.S. Dist. LEXIS 116358 at \*4; *see also Alvarez & Marshal Glob. Forensic &*

*Dispute Servs., LLC v. Cohen-Cole*, 2014 U.S. Dist. LEXIS 21574 (S.D.N.Y. 2014) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 614 F.2d 651 (2nd Cir. 1979)).

In the instant action, Defendant's Notice of Removal states that the basis for his removing of this action to federal court was diversity jurisdiction pursuant to 28 U.S.C. § 1332, which states, in pertinent part, that a federal court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states..." *See* Exhibit A at ¶ 5; *see also* 28 U.S.C. § 1332. However, as referenced above, Defendant's Notice of Removal is defective on its face as it does not even specify which state Plaintiff is supposedly a domiciliary of. *See* Exhibit A at ¶ 6. Therefore, Defendant has simply failed to satisfy his burden of establishing his right to a federal forum by competent proof. Assuming, arguendo, that this Court were to determine that Defendant's Notice of Removal was in fact proper, this Court still lacks subject matter jurisdiction over this action because Plaintiff is a United States citizen who is domiciled abroad in Thailand, and has no intention of re-establishing a residence or domicile in any State in the United States, 28 U.S.C. § 1332 does not provide this Court with jurisdiction over him, and subsequently, this action.

LEGAL ARGUMENT

Point I: Diversity Jurisdiction Does Not Exist Because Plaintiff Is Not a Citizen of Any State

For purposes of diversity jurisdiction, "[a]n individual's citizenship...is determined by his domicile." *See Morton* at *7; *see also Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38 (2nd Cir. 2000). In turn, a person's domicile represents "the place where [he] has his true fixed home...and to which, whenever he is absent, he has the intention of returning." *See id.* (quoting *Linardos v. Fortuna*, 157 F.3d 945 (2nd Cir. 1998)). While a person's domicile is first established at birth and is "presumed to continue in the same place", a person can establish a change in their domicile by

proving their taking up of a new residence coupled with an intention to remain there. *See Liem v. Ackerman*, 2012 U.S. Dist. LEXIS 10337 (S.D.N.Y. 2012).

As for how a person can prove that they have taken up a new residence and intend to remain there, for diversity purposes, the Second Circuit has held that a "sworn statement regarding citizenship will be 'a strong factor in favor of a similar judicial finding,'" absent contradictory evidence. *See Chevalier v. USA Express Moving & Storage Inc.*, 2004 U.S. Dist. LEXIS 9990 (S.D.N.Y. 2004) (quoting *Herrick Co. v. SCS Comms., Inc.*, 251 F.3d 315 (2nd Cir. 2001)).

Here, while Plaintiff does not contest that he was a long-time resident of the United States and a domiciliary of the State of Colorado, as sworn to in his Affidavit, he currently resides, and has resided at Paradise Park Resort Condominiums in Soi Wat Boon, Pattaya, Thailand with his wife and two daughters since he moved there five years ago in 2015. *See* Exhibit C at ¶ 1. Furthermore, Plaintiff swears that while he was conveniently not asked during his jurisdictional deposition whether he has the intention to make Thailand his domicile and remain there, he "would have responded that [he] do[es] intend to make Thailand [his] domicile." *See id.* at ¶ 3. Plaintiff's jurisdictional testimony only further establishes his ability to meet the "clear and convincing evidence" standard proving that he has given up his old domicile in Colorado and taken up his new domicile in Thailand, the place where he has his true fixed home and the place where he intends to remain.

Indeed, in addition to courts accepting sworn statements from parties as proof of their taking up a new residence for diversity purposes, they also look to several factors including (1) the party's driver's license registration, (2) the location of the party's property, (3) the location of the party's bank accounts, (4) the place of the party's employment and (5) the party's payment of taxes. *See Morton* at *7 (citing to *Chevalier*, 2004 U.S. Dist. LEXIS 9990 at *2 (quoting *Herrick*

6

*Co.*, 251 F.3d at 324)). As more fully set forth below, Plaintiff is able to satisfy each of these factors based on the testimony he gave during his jurisdictional deposition. *See* Exhibit D.

First, Plaintiff testified that he has an active driver's license in Thailand, something that he does not have in the United States/Colorado. *See id.* at p. 16:20-22 (Q: Do you have a driver's license in Thailand? A: Yes, I do.). Plaintiff also testified that in addition to simply having a driver's license, he also owns a car, motorcycle and scooter that he uses in Thailand in accord with his "driving practices". *See id.* at pp. 25:25-26:2-5 (Q: Do you have an automobile in Thailand? A: Yeah. I have a car. Me and my wife have a car. I have a motorcycle, a scooter and my wife has a scooter too.); *see also Morton* at *7. This cuts directly against the holding in *Morton* where despite the fact that Plaintiff had and maintained a license in Florida, he was still ultimately determined to be a domiciliary of Japan. *See Morton* at *9, 11.

Second, even more so than in *Morton* where the plaintiff simply lived in a <u>rented</u> apartment since 2015, Plaintiff here has <u>owned</u> multiple properties in Thailand since 2015; one condo he has continuously lived in with his wife and children since 2015 and another condo that he owns and rents out for additional revenue. *See id.* at *7-8, 11 ("[Even though Plaintiff] has [only] continuously lived in Japan since May 7, 2015", he nonetheless "carried his burden" of proving his domicile there); *see also* Exhibit D at p. 11:17-23 (Q: And do you live in a house that is owned, rented or otherwise? A: I own it. Q: You live in a house? A: Condo. Q: You own the condo? A: Condominium, correct.); Exhibit D at p. 17:11-23 (Q: Do you own any real property in Thailand other than the condo [where you and your family live]? A: Yes. I own a second rental investment condo. Q: When you say that you own the condo, is your name on it? A: Yes, correct. Q: Do you own it alone or jointly with someone else? A: Alone. Q: Your condo? A: Yes. Both condos are in my name only) (<u>emphasis</u> added).

7

Third, Plaintiff has a local bank account in Thailand and closed his account and has had no contact whatsoever with the bank that he used while he was living in Colorado, Compass Bank, since he moved to Thailand in 2015. *See* Exhibit D at p. 20:2-6 (Q: So do you have any financial institutions that you use that are in Thailand? A: Sure. I have a local bank account here at the Bank of Bangkok…); *see also* Exhibit D at p. 5:10-24 (Q: How did you get money when you lived in Colorado? A: Well, when I lived in Colorado, I had a company bank account and personal bank account. Q: Was the personal bank account at a location in Colorado? A: Correct. Q: Where? What town? A: Compass Bank. Q: Do you still have that bank A: I do not. Q: When did it close? A: 2015.)

Fourth, even though Plaintiff does not have a traditional job, as referenced above, in addition to the condo he owns and lives in, he also owns a separate condo that he rents out and takes in revenue from. *See id.* at p. 17:11-23. Clearly, Plaintiff is even further removed from his connections to the United States/Colorado than the plaintiff in *Morton*, as Plaintiff here has no employment in the United States/Colorado whereas the plaintiff in *Morton* was still registered to practice law in New York and Florida, maintained a law office in New York, identified himself as the registered agent of at least one New York corporation, giving the address of his law offices and of at least one Florida corporation, giving a Florida address, was still determined to be domiciled in Japan. *See Morton* at *9.

Fifth, while Plaintiff does not pay taxes in Thailand, he does not do so because he does not have a traditional income and thus is not required to by Thai law. *See* Exhibit D at p. 21:6-10 (Q: Do you pay taxes in Thailand? A: I do not. Q: Is that because there is no income? A: Correct.). It is also important to note that Plaintiff does not pay any taxes in the United States/Colorado either;

8

that is because he has no affiliations with the territory including any jobs, properties and/or other sorts of financial dealings whatsoever.

In addition to the factors as referenced above, Plaintiff also points out that since permanently moving to Thailand in 2015, he has only left the county <u>once</u> for the sole purpose of converting his original educational visa to a marriage visa. *See id.* at p. 12:8-16 (Q: Have you traveled outside of Thailand since 2015? A: Just one time. I originally came out here on an ED visa, educational visa, which is good for one year and then you have to leave the country to convert it and I converted it to marriage, so I went to Lau.  One-day trip to Lau and came back to Thailand.) (<u>emphasis</u> added). This again is even more convincing than the facts of *Morton* where the plaintiff visited the United States <u>four times</u>, for about one week each. *See Morton* at *9 (<u>emphasis</u> added). It should also be noted that Plaintiff maintains a Thai phone number and has no such number connected to the United States/Colorado. *See* Exhibit D at p. 20:16-24 (Q: Do you use a cell phone? A: Yes. Q: What's the number for your cell? A: It's +66 086-394-2710. Q: How long have you had that? Q: Since I moved here so almost five years.).

The fact of the matter is, it cannot be contested that Plaintiff, as the party alleging a change of domicile, is able to meet his burden of proving his change in domicile from Colorado to Thailand as evidenced by all above information showing his connection to Thailand along with no reference in his sworn Affidavit, or deposition testimony, of an intent to ever return to Colorado. *See Morton* at *9; *see also Willis v. Westin Hotel Co.*, 651 F. Supp. 598 (S.D.N.Y. 1986).

Therefore, based on the facts and case law above, Plaintiff contends that because he is a United States citizen who is domiciled abroad, he is neither a citizen of any state of the United States, nor a citizen or subject of a foreign state and that 28 U.S.C. § 1332 does not provide the federal courts "jurisdiction over a suit to which such persons are parties." *See Foroughi v. Am.*

9

*Airlines, Inc.*, 2011 U.S. Dist. LEXIS 137960 (S.D.N.Y. 2011) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 [2nd Cir. 1990]); *see also Fuerst v. Fuerst*, 832 F.Supp.2d 210 (E.D.N.Y. 2011) ("Where a United States citizen is domiciled abroad at the time an action is commenced, § 1332(a) does not provide the Court with jurisdiction over the suit.").

Accordingly, because Plaintiff is a United States citizen domiciled in Thailand, this Court cannot exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Likewise, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), which provides that federal courts have diversity jurisdiction in matters between a citizen of a state and a citizen or subject of a foreign state, because Plaintiff is not a citizen of Thailand, only the United States.

The facts are clear and not subject to any reasonable dispute. Plaintiff is a domiciliary of Thailand, he has not returned to the United States since moving to Thailand in 2015 (*See* Exhibit C at ¶ 4) and he has no intention of re-establishing residence or domicile in the United States. *See id*. Consequently, diversity jurisdiction cannot exist under any circumstances.

As such, Plaintiff urges this Court to remand this action back to the Supreme Court of the State of New York, County of Nassau.

## CONCLUSION

Based on the foregoing, it is respectfully requested that Plaintiff's motion to remand the instant action to the Supreme Court of the State of New York, County of Nassau be granted in its entirety, together with such other and further relief as this Court deems just and proper

Dated: New York, New York
March 20, 2020

                                        MERSON LAW, PLLC

By: *Jordan Merson*
      Jordan K. Merson, Esq. (JM-7939)
      *Attorneys for Plaintiff*
      150 East 58th Street, 34th Floor
      New York, NY 10155
      Telephone: (212) 603-9100
      Facsimile: (347) 441-4171
      Email: jmerson@mersonlaw.com

TO:

JONES DAY
Todd R. Geremia, Esq.
*Attorneys for Defendant*
ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3429
Facsimile: (212) 755-7306
Email: trgeremia@jonesday.com

MULHOLLAND MINION DAVEY MCNIFF & BEYRER
Brian R. Davey, Esq.
*Attorneys for Defendant*
ST. MARTIN OF TOURS CHURCH
374 Hillside Ave
Williston Park, NY 11596
Telephone: (516) 248-1200
Facsimile: (516) 248-1225
Email: bdavey@mmlaw.us.com

BARKET, MARION, EPSTEIN & KEARON
Alexander R. Klein, Esq.
*Attorneys for Defendant*
ROBERT GUGLIELMONE
666 Old Country Road, Suite 700
Garden City, NY 11530
Telephone: (516) 745-1500
Facsimile: (516) 745-1245
Email: aklein@barketmarion.com