# Exhibit A

(Defendant's Notice of Removal dated August 16, 2019)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY POWERS, <br><br> Plaintiff, <br><br> vs. <br><br> ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, ST. MARTINS TOURS CHURCH and ROBERT GUGLIEMONE, <br><br> Defendants. | **DEFENDANTS' NOTICE OF REMOVAL** <br><br> DOCKET NO: 19-cv-4738 |

**TO: THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK; THE SUPREME COURT OF NEW YORK, COUNTY OF NASSAU; AND ALL PARTIES AND ATTORNEYS OF RECORD:**

YOU WILL PLEASE TAKE NOTICE that Defendant, ROBERT GUGLIELMONE, a South Carolina resident, hereby invokes the removal jurisdiction of the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 based upon the following:

1. Plaintiff commenced this action by filing the Summons and Complaint with the Supreme Court of New York, County of Nassau, on August 14, 2019 (attached as Exhibit A).

2. No Defendant has been served with the Summons and Complaint. *See* Declaration of Bruce Barket (attached as Exhibit B).

3. This action is currently pending in the Supreme Court of New York, County of Nassau, located in Nassau County. Because less than 30 days has elapsed from the filing of the Summons and Complaint, and because none of the defendants has yet been served with the Summons and Complaint, the Notice of Removal is timely under 28 U.S.C. § 1446(b).

4.  The Complaint is a civil action seeking recovery for damages based upon alleged assault, battery, serious personal injuries, emotional and physical suffering, mental pain and suffering, and mental anguish incurred as a result of alleged sexual abuse by Robert Gugliemone while he was a priest at St. Martins of Tours Church, and as a result of breach of duty of care and negligence and negligent hiring by St. Martin of Tours Church and the Roman Catholic Diocese of Rockville Centre. Under these claims for relief, Plaintiff seeks compensatory, exemplary, and punitive damages in an unspecified amount. Guglielmone denies that Plaintiff is entitled to any of the relief sought and does not waive any defenses with respect to any of Plaintiff's claims. However the amount in controversy is guided by accepting Plaintiff's allegations as true. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 553, 554 (2014) (A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold). Here, based on the nature of the allegations contained in the Complaint, the amount in controversy clearly exceeds $75,000. Indeed, the Complaint specifically alleges that the amount in controversy on *each* of the eight causes of action exceeds "the jurisdiction of all lower courts which would otherwise have jurisdiction" (Summons and Complaint, Exh. A, ¶¶31, 39, 48, 57, 64, 71, 78, 85). In New York, the lower courts have jurisdiction of claims up to $25,000. Thus, based on the face of Plaintiff's pleadings, the amount in controversy alleged by Plaintiff is in excess of $200,000 – well above the $75,000 jurisdictional threshold of 28 U.S.C. §1332.

5.  This Court has original jurisdiction based upon diversity of citizenship under 28 USC § 1332, and this action is removable pursuant to 28 U.S.C. § 1441(a). Venue properly lies in the Eastern District of New York under 28 U.S.C. § 1391(a)(2) and 28 U.S.C. §95(a)(2).

6. This is a civil action between citizens of different States. Plaintiff is a resident of Chonburi Province, Thailand (*see* Summons, Exhibit A, caption, stating "Plaintiff's residence address is Paradise Park Condominiums, Soy Watboon, Nongprue Bang Lamung Chonburi 20150), and is not a citizen of South Carolina. Mr. Guglielmone is a citizen and a resident of South Carolina (*see* Summons, Exhibit A, pg. 2). The Roman Catholic Diocese of Rockville Centre is a not for profit corporation incorporated in the State of New York and by virtue of the laws of the State of New York (*see* Complaint, Exhibit A, ¶¶7, 8). St. Martin of Tours Church is a not for profit corporation incorporated in the State of New York and by virtue of the laws of the state of New York (*see* Complaint, Exhibit A, ¶¶11, 12). Thus, this is an action between citizens of different States for diversity purposes.

7. To support removal based on diversity jurisdiction, and where it is not facially evident from the Complaint, the Defendants bear the burden of proof that the amount in controversy exceeds the jurisdictional amount of $75,000. *See* 1446(c)(2)(B); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). If the complaint does not state the dollar-amount claimed, and the amount is subject to dispute, then a court must determine by a preponderance of the evidence whether the amount in controversy exceeds the jurisdictional threshold. *See* 28 U.S.C. §1446(c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). A court may consider the "nature of the claims, factual allegations within the pleadings, and the record outside the pleadings to determine the amount in controversy." *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 438 (S.D.N.Y. 2006). Here, while Defendants do not concede the validity of Plaintiff's claims nor attempt to predict what Plaintiff will recover, the nature of the unspecified damages, together with the prayer for exemplary and punitive damages, as detailed in paragraph 4, *supra*, "make it virtually

impossible to say that the claim is for less than the jurisdictional amount" *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999).

8.  Under 28 USC § 1441(b)(2), "A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *"properly joined and served"* as defendants is a citizen of the State in which the action is brought." 28 USC § 1441(b)(2) (emphasis added). Here, while the Diocese and Church Defendants may be deemed citizens of New York for diversity purposes, section 1441(b)(2) does not apply to bar removal because these defendants have not been served with the Complaint in this action. *See* Barket Declaration (Exhibit B); *see also Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (holding removal not precluded where resident defendant had not been served); *LaRusso v. St. George's University School*, 747 F.3d 90, 97 (2d Cir. 2014) (nothing in Sections 1441 or 1446 require service upon a defendant before removal); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . inclusion of an unserved resident defendant in the action does not defeat removal").

9.  Because no defendant has been properly joined and served with the Complaint, the consent of other defendants is not required. 28 USC § 1446(b)(2)(A); *see also United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008).

10. As required by 28 U.S.C. § 1446(d), written Notice of Removal is being given to all adverse parties and a copy of the Notice is being filed with the Clerk of the Supreme Court of New York, County of Nassau.

**WHEREFORE,** the Defendants, by counsel, give notice that the within civil action, previously pending in the Supreme Court of New York, County of Nassau, has been removed to the United States District Court for the Eastern District of New York.

|  |  |
|---|---|
|  | **BARKET, EPSTEIN, KEARON, ALDEA & LOTURCO, LLP.** |
| By: | _____ |
|  | Bruce A. Barket, Esq. |
|  | 666 Old Country Road, Ste. 700 |
|  | Garden City, New York 11530 |
|  | Telephone: (516) 745-1500 |
|  | Facsimile: (516) 745-1245 |
|  | Email: bbarket@barketepstein.com |

ATTORNEYS FOR DEFENDANT
ROBERT GUGLIELMONE, a resident
of South Carolina

5